IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**GEORGE LAWRENCE CLEGG,** : **CIVIL NO. 1:CV-06-1180**
        **Petitioner,** :
         : **(Chief Judge Kane)**
        **v.** :
         :
**MARILYN S. BROOKS, et al.,** :
        **Respondents** :

**MEMORANDUM AND ORDER**

Petitioner, George Lawrence Clegg ("Clegg"), filed this 28 U.S.C. § 2254 petition on June 12, 2006. (Doc. 1). The petition is presently ripe for disposition. For the reasons that follow, the petition will be denied.

**I. Background**

On February 27, 2002, Clegg pled guilty to burglary, theft by unlawful taking and receiving stolen property in the Court of Common Pleas of York County. On June 17, 2002, he was sentenced to thirty to sixty months incarceration. (Doc. 19-p. 1). He filed a motion to modify his sentence. (Doc. 19-2, p. 11). The trial court reaffirmed the sentence on July 29, 2002. (Doc. 19-2, pp. 17, 19). Clegg appealed to the Pennsylvania Superior Court raising the following issue for review : "Whether the trial court abused is [sic] discretion in sentencing [Clegg] above the standard and aggravated ranges without identifying sufficient reasons." (Doc. 19-3, p. 52). On August 15, 2003, the superior court affirmed the sentence. (Id. at p. 61). Clegg did not appeal to the Pennsylvania Supreme Court.

On August 16, 2004, he filed a petition and supporting brief pursuant to the Post Conviction Relief Act, 42 PA.C.S.A. §§ 9541-9546, seeking modification of his sentence under Blakely v. Washington, 542 U.S. 296 (2004). (Doc. 19-2, pp. 36-50). A hearing was held on November 14, 2004. (Doc. 19-2, pp. 25-35). On January 19, 2005, the petition was denied. (Doc. 19-2, p. 49). Clegg appealed to the superior court. (Doc. 19-3, p. 46). On October 6, 2005, the superior court affirmed the

trial court's denial of PCRA relief.  (Doc. 19-3, pp. 51-62).  According to Clegg, he filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which was denied on May 31, 1006.

On June 12, 2006, Clegg filed the instant petition arguing that trial counsel was ineffective for failing to advise him of the sentencing guidelines during his decision to reject a plea offer.  (Doc. 1, p. 5).

**II. Discussion**

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement.  Preiser v. Rodriguez, 411 U.S. 475, 498-499 (1973).  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  Estelle v. McGuire, 502 U.S. 62, 67-8 (1991).  Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Estelle, 502 U.S. at 67-8 (1991); see also Pulley v. Harris, 465 U.S. 37, 41 (1984); Johnson v. Rosemeyer, 117 F.3d 104 (3d Cir. 1997).

Respondent seeks to dismiss the petition for failure to exhaust state court remedies.  (Doc. 24).  Habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant.  See 28 U.S.C. § 2254(b)(1).  The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions.  See Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).  Respect for the state court

system requires that the petitioner demonstrate that the claims in question have been "fairly presented to the state courts." Castille v. Peoples, 489 U.S. 346, 351 (1989). Fair presentation also requires the petitioner to raise the claim in a procedural context in which the state courts can consider it on the merits. Id.

If a petitioner presents unexhausted habeas claims to a federal court, but state procedural rules bar further state court review, the federal court will excuse the failure to exhaust and treat the claims as exhausted. Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001); Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); see Teague v. Lane, 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are considered procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 749 (1991); Lines, 208 F.3d at 160.

A federal habeas court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review the claims. See McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman, 501 U.S. at 750-51; Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that some objective external factor impeded petitioner's efforts to comply with the state's procedural rule. See Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show "not merely that the errors created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting the entire proceeding with error of constitutional dimensions." See United States v. Frady, 456 U.S. 152, 170 (1982).

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. See Edwards v.

Carpenter, 529 U.S. 446, 451 (2000); Wenger, 266 at 224. The miscarriage of justice exception applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496.

To "fairly present" a claim, the factual and legal substance of the federal claim must be presented to the state courts in a manner that puts them on notice that a federal claim is being asserted. See Anderson v. Harless, 459 U.S. 4, 6 (1982); Picard v. Connor, 404 U.S. 270, 277-78 (1971). It is not sufficient that a "somewhat similar state-law claim was made." Harless, 459 U.S. at 6. Because the factual and legal substance of the claim of ineffective assistance of counsel was not presented to the state courts in a manner that put them on notice, the claim is procedurally defaulted and the court may not consider the merits unless Clegg establishes "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his default. McCandless, 172 F.3d at 260. Clegg has not averred cause or prejudice by the default and has not demonstrated his actual innocence such that a lack of review by the court would constitute a fundamental miscarriage of justice. Id. Consequently, he is precluded from pursuing federal habeas corpus relief.

**III.  Order**

**AND NOW**, this 1st day of March 2007, upon consideration of the petition for writ of habeas corpus, it is hereby ORDERED that:

  1. The petition is DENIED.

  2. The Clerk of Court is directed to CLOSE this case.

  3. A certificate of appealability is DENIED. See 28 U.S.C. § 2253(c).

> s/ Yvette Kane
> Yvette Kane, Chief Judge
> United States District Judge