# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE LAWRENCE CLEGG,** | : | CIVIL NO. 1:CV-06-1180 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **MARILYN S. BROOKS, et al.,** | : | |
| Respondents | : | |

## **MEMORANDUM**

Petitioner, George Lawrence Clegg ("Clegg"), filed a 28 U.S.C. § 2254 petition for writ of habeas corpus on June 12, 2006. (Doc. 1). By Order dated March 1, 2007, the petition was denied. (Doc. 26). Presently pending is Clegg's motion for reconsideration pursuant to FED. R. CIV. P. 59(e), or for a certificate of appealability. (Doc. 27). For the reasons set forth below, the motion will be denied.

A motion under Rule 59(e) is a "device to relitigate the original issue" decided by the district court, and used to allege legal error. Smith v. Evans, 853 F.2d 155, 158-59 (3d Cir. 1988) (citation omitted); see also Ortho Pharm. Corp. v. Amgen, Inc., 887 F.2d 460, 463 (3d Cir.1989). "A proper motion to alter or amend judgment 'must rely on one of three major grounds: '(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or], (3) the need to correct clear error [of law] or prevent manifest injustice.'" North River Ins. Co. v. Cigna Reinsurance Co., 52 F.2d 1194, 1218 (3d Cir. 1995) (citations omitted); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985). It is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D.Pa. 1992).

Clegg does not argue that there has been an intervening change in controlling law or that new evidence is available. Rather, he argues that the court committed a clear error of law in deeming his ineffective assistance of counsel claim procedurally defaulted. Specifically, he contends that the

conclusion that the claim was procedurally defaulted is erroneous because he raised the issue in his "Application for Remission of the Record and Remand to the Lower Court based on ineffective assistance of counsel." (Doc. 27-2, p. 3).  This argument is without merit.  Based on the documentation submitted by petitioner, the application for remission was filed in the Pennsylvania Superior Court appeal of the denial of his PCRA petition.  The superior court refused to consider the *pro se* filing because Clegg was represented by counsel.  Consequently, the court referred the application to Clegg's counsel "for the taking of any appropriate action." (Doc. 25, p. 26).  This information is confirmed by review of the Superior Court electronic docket sheet (311 MDA 2005) found at http:/ujsportal.pacourts.us.

He also represents that he requested the same relief from the Pennsylvania Supreme Court.  However, review of the pertinent Supreme Court docket sheet (951 MAL 2005), reveals that no such document was filed.  See http:/ujsportal.pacourts.us.  Nor is there any other record of such a filing in other matters Clegg has filed in the Supreme Court.  (See also, 448 MAL 2006).

Based on the foregoing, Clegg's motion for reconsideration will be denied.

Further, the request for a certificate of appealability will be denied as petitioner has not "made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).

**AND NOW**, this 17th day of April 2007, it is hereby **ORDERED** that:

1. The motion for reconsideration (Doc. 27) pursuant to FED. R. CIV. P. 59(e) is DENIED.

2. The request for the issuance of a certificate of appealability (Doc. 27) is DENIED.

       s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court